DANIEL W. WALLS and Another, Appellants, v. GRANT A. RODMAN and Others, Individually and as Executors, etc., of AMA M. RODMAN, Deceased, Respondents.— Plaintiffs appeal from a judgment entered against them in favor of the defendants-respondents holding that the defendants Grant A. Rodman, Sarah Cecile Swingle and Ruth Elizabeth Rodman, individually and as executors of the last will and testament of Ama M. Rodman, deceased, have title in fee to the land containing the spring, and over which the three-rod lane traverses, subject to a right of way over said land to the owners of plaintiffs' property in order that cattle and horses may have use of the water in this spring. Originally one Ezra C. Rodman owned a farm in the town of Binghamton, Broome county, N. Y., which embraced the property now owned by both the plaintiffs-appellants and the defendants-respondents. On March 23, 1909, the executors of Ezra C. Rodman conveyed by deed to Joseph N. Eastman and Belle Eastman the property now owned by the defendants and which deed contains the following language: " excepting and reserving, however, a strip of land three (3) rods wide from the west line of the premises herein conveyed, to a certain spring, such reservation being made in order that cattle and horses may have the use of water at this spring." On February 9, 1918, the executors conveyed to the predecessors in title of the plaintiffs-appellants the remaining lands owned by Ezra C. Rodman and through mesne conveyances, such property came down to the present plaintiffs-appellants. So far as the land

which is the subject of this lawsuit is concerned, it is as follows: "Also all that tract or parcel of land situate in the Town of Binghamton, County of Broome and State of New York, being a strip of land three rods wide excepted and reserved from the west side of lands conveyed by Marie J. Rodman and others, as Executors of the last Will and testament of Ezra C. Rodman, deceased, to Joseph N. Eastman and Belle Eastman by deed dated March 23, 1909, and recorded March 31, 1909, in Broome County Book of Deeds No. 219 at page 521, said strip extending from the premises above described along the west side of the land conveyed to said Joseph N. Eastman and Belle Eastman to a certain spring, which land was reserved from said conveyance to said Joseph N. Eastman and Belle Eastman and is hereby conveyed in order that cattle and horses may have the use of water at said spring." From an examination of the two deeds executed by the executors of the Ezra C. Rodman estate, their intention in reference to the three-rod strip is clear and apparent. When the deed to Eastman was first executed and delivered the strip of land in question was expressly excepted and reserved and was not conveyed. In the subsequent deed the three-rod strip is specifically conveyed and is identified as the land excepted and reserved in the prior deed. The judgment appealed from is reversed on the law and facts, with costs, and judgment in favor of plaintiffs is granted, with costs. The court reverses finding marked "First" in the judgment appealed from, and in place thereof the court makes the following finding: The plaintiffs, Daniel W. Walls and Edna T. Walls, have title to the fee of the following described land: Also all that tract or parcel of land situate in the town of Binghamton, county of Broome and State of New York, being a strip of land three rods wide excepted and reserved from the west side of lands conveyed by Marie J. Rodman and others, as executors of the last will and testament of Ezra C. Rodman, deceased, to Joseph N. Eastman and Belle Eastman by deed dated March 23, 1909, and recorded March 31, 1909, in Broome county book of Deeds No. 219 at page 521, said strip extending from the premises above described along the west side of the land conveyed to said Joseph N. Eastman and Belle Eastman to a certain spring, which land was reserved from said conveyance to said Joseph N. Eastman and Belle Eastman and is hereby conveyed in order that cattle and horses may have the use of water at said spring, and being the same premises described in paragraph 9 of plaintiffs' second cause of action as amended. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur.